UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joseph L. Rainey,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   Civil Action No. 09-781 (JDB) |
| | ) |
| **U.S. Bureau of Prisons et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

Petitioner, a prisoner at the United States Penitentiary at Big Sandy in Inez, Kentucky, seeks *habeas corpus* relief under 28 U.S.C. § 2241 and has also filed a motion for a preliminary injunction seeking immediate release from custody. Petitioner's confinement stems from a judgment of conviction imposed by the United States District Court for the Western District of Missouri on June 7, 2007. He challenges the validity of his conviction by asserting that he "neither had counsel at trial nor waived the constitutional right whatsoever." Pet. at 8; *see also id.* at 4 (noting "trial court's failure to appoint counsel at trial"); *id.* at 8 (asserting that he was "compelled to proceed *pro se* at trial"); *but see id.* at 9 (referring to counsel – not stand by counsel – sitting at table).

As one with a judgment of conviction from a federal court, the petitioner is entitled to a review of that conviction and sentence through a motion brought under 28 U.S.C. § 2255. Furthermore, a motion under § 2255 is his exclusive avenue for collateral review of a criminal conviction unless it appears that a motion under § 2255 is inadequate or ineffective to test the legality of his detention.

> An application [under § 2241] for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by

motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; *see Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

Petitioner asserts that § 2255 is inadequate and ineffective in this case, asserting that he does not challenge the conviction or the sentence. *See* Pet. at 3 ("Joseph Rainey does not challenge []either the resulting conviction []or sentence and otherwise contends the remedy under § 2255 i[s] inadequate and ineffective.")  Despite his assertion, it is clear that petitioner is, in fact, asserting that his conviction is invalid. *See id.* (stating that he is "challenging the respondent['s] . . . authority to 'detain' [petitioner] in violation of the Constitutional right to the assistance of counsel at trial and under an invalid judgment of conviction void from inception").  Because it appears that petitioner's exclusive relief on these facts is through a motion under § 2255, which this court cannot entertain,[1] the petition will be dismissed.

A separate order of dismissal accompanies this memorandum opinion.

Date:  April 30, 2009

           /s/
JOHN D. BATES
United States District Judge

---

[1] Even if the petitioner could be heard on a petition brought under § 2241, it would be the United States District Court with personal jurisdiction over the prisoner's immediate custodian, that is, the warden of his prison, not this Court, that has authority to entertain such a petition.